**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

October 29, 2010

Lawrence P. Demuth, Esq.
Mignini & Raab, LLP
2015 Emmorton Road, Ste. 202
Bel Air , MD 21015

Allen F. Loucks, AUSA
36 S. Charles Street
4th Floor
Baltimore, MD  21201

**Re: Rita K. Haines v. Michael J. Astrue, Commissioner of Social Security, PWG-08-1502**

Dear Counsel:

Pending by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Ms. Haines' claim for Disability Insurance Benefits("DIB"). (Docket ("Dkt.") Nos. 8, 17, 32). The Plaintiff filed a response to Defendant's Motion. (Dkt. No. 33).  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  A hearing is unnecessary.  Local Rule 105.6. For the reasons that follow, this Court DENIES the Commissioner's Motion, and GRANTS the Plaintiff's Alternative Motion for Remand.

Ms. Haines ("Claimant") applied for DIB on July 5, 2005, alleging that she was disabled as of September 2001 due to her status post cerebrovascular accident ("CVA"), right side paralysis, lower leg lymphedema, depression, hypertension, a sleep disorder, and obesity. (Tr. 13, 36, 49, 102-115). Her claim was denied initially and upon reconsideration. (Tr. 25-32). After a hearing held on November 15, 2007, before the Honorable Randall W. Moon ("ALJ"), the ALJ denied Ms. Haines' claim and concluded in a decision dated November 30, 2007, that her status post CVA, hypertension and obesity were "severe"

impairments as defined in the Regulations, but that they did not meet, or medically equal, any of the Listed Impairments. (Tr. 13).  The ALJ also found that Claimant retained the residual functional capacity ("RFC") to perform a limited range of light work[2].(Tr. 16).  Based on her RFC, the ALJ found that Claimant could not perform any of her past relevant work("PRW"). (Tr. Id.). After receiving testimony from a vocational expert ("VE"), the ALJ concluded that work existed in the national and local economies in significant numbers which Ms. Haines could perform. Accordingly, the ALJ found that Claimant was not disabled.(Tr. 11-19). On May 22, 2008, the Appeals Council denied Ms. Haines' request for review, making her case ready for judicial review. (Tr. 4-6).  Ms. Haines raises essentially two arguments in support of her contention that the ALJ's decision is not supported by substantial evidence.  For the reasons that follow, I agree and will remand this case for further proceedings in accordance with this Memorandum.

Ms. Haines argues that the ALJ erred in determining her RFC and failed to analyze properly the opinions of her treating physician, Dr. Jose Loveria. *See* Plaintiff's Memorandum, pp. 11-14.  The Commissioner argues that the ALJ adequately discussed the basis for his RFC findings and properly rejected Dr. Loveria's opinions. *See* Defendant's Memorandum, pp. 11-14.

The primary problem in this case is that in determining Ms. Haines' RFC, the ALJ relied on the reports of non-examining, reviewing, state agency physicians.  While state agency reviewing physicians are recognized experts and in many instances their opinions may be entitled to greater weight than a treating physician, in this case, after careful review of the entire record, I am not able to say that the ALJ's findings are supported by substantial evidence.

---

[2] The ALJ found Ms. Haines had the following RFC: she could "stand and or/walk for six hours in an eight hour workday but no more than 30 minutes at one time after which she would need to change position for a few minutes, and sit for six hours in an eight hour workday but no more than 30 minutes at one time after which she would need to change position for a few minutes; occasional climbing of ramps or stairs but never climbing ladders, ropes or scaffolds; no balancing; no work around hazards such as unprotected heights or dangerous moving machinery; simple and routine unskilled work, requiring one to three step tasks; low stress with no high production rates such as assembly line work or work in fast food restaurants; minimal contact with the general public; and occasional contact with co-workers and supervisors." (Tr. 16).

The ALJ found that Ms. Haines was capable of performing a range of light work. See FN.2, *supra*. The ALJ acknowledged Dr. Loveria's "Stroke Residual Functional Capacity Questionnaire[1]" but rejected it for reasons that are speculative with respect to Claimant's motivation. The ALJ stated:

> "...[D]espite essentially normal clinical signs and laboratory findings in the treatment records, Dr. Loveria completed medical source statement ("MSS") assessments dated August 6, 2007 and August 20, 2007 essentially opining that the claimant was unable to lift 10 pounds unable to walk one block unable to stand and/or walk for two hours, and able to sit for no more than two hours, would need to take four 60 minute breaks during the workday would be incapable of performing even low stress work and would miss more than four days each month due to her CVA hypertension depression hyperlipidemia and obesity with venous insufficiency. **These extreme MSS assessments were purportedly based upon the claimant's symptoms of weakness slight paralysis pain fatigue headaches depression and emotional lability symptoms that had been denied by the claimant in treatment notes discussed earlier**. Also the only clinical sign noted by Dr. Loveria was residual right body weakness that was noted by Dr. Loveria who described it as mild and was denied by the claimant in subsequent treatment notes. Consequently little weight is given to Dr. Loveria's extreme MSS assessments since they lack objective support and **appear to be based solely upon the claimant's subjective complaints that are not entirely credible and appear significantly exaggerated for an apparent secondary gain motivation**."(Tr. 16-17)(emphasis added).

---

[1] Dr. Loveria's medical group had been treating Claimant since 2001. In 2007, Dr. Loveria stated, among other things, that Ms. Haines had residual right sided body weakness and had a significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movement or gait and station, specifically that her right hand is clumsy and weak and fine motor coordination is impaired. (Tr. 505). Dr. Loveria also stated that she could lift less than ten pounds and could never lift 20 pounds in a competitive work situation. He also stated that she could only sit stand for less than 2 hours and that with prolonged sitting her legs should be elevated.(Tr. 504-512).

3

The record contains years of treatment notes from the Braddock Medical Group where Dr. Loveria practices[2]. *See* Exhibits 7-F, 9F, 12-F (Tr. 359-387, 396-445, 476-503). There is no evidence in the record to reasonably conclude -- or imply-- that Dr. Loveria acted based on "subjective complaints" as opposed to his professional judgment when he completed the RFC form which supports greater limitations than those found by the ALJ. Such speculation on the part of the ALJ is improper. *See Foxman v. Barnhart*, 157 Fed. Appx. 344, 347, 2005 WL 3150525 (2nd Cir. 2005)(unpublished opinion). There was indeed evidence in the doctors medical record which arguably substantiated limitations in standing and sitting. For example the doctor noted that she had "chronic medical problems including left leg edema", and that Claimant suffered "stiffness in the left ankle". Tr. 486. By definition, light work involves some pushing and pulling of arm or leg controls. 20 CFR § 404.1567. Furthermore, the assessment[3] ultimately relied on by the ALJ was completed by Dr. Maureen Ahn, a physician who never examined Claimant and was dated almost 2 years prior to Claimant's treating physician's assessment. However, the ALJ did not discuss these factors which undermine the weight that could be given to Dr. Ahn's assessment in his decision.

The ALJ chose to afford "much greater weight" to the residual functional capacity assessment (Exhibit 8F) and mental residual functional capacity assessment (Exhibit 11F) provided by the state agency reviewing medical sources since "**they are supported by the medical evidence of record, and because they have an understanding of the disability programs and their evidentiary requirements**." (Tr. 17). However, the ALJ's conclusion that the DDS physician's opinions were entitled to greater weight is flawed. As noted previously herein, the DDS physician's report predated the treating physician's report. This DDS physician even stated that there were no treating or examining sources statements "regarding claimant's physical capacities in the file." (Tr. 392). 20 C.F.R. § 404.1527(d) requires the ALJ to give a treating physician's opinion controlling weight if two conditions are met: (1) it is supported by medically acceptable clinical and laboratory diagnostic techniques and (2) it is not inconsistent with the other substantial evidence in the record. *See Craig v. Chater*,

---

[2] Ms. Haines was also treated Dr. Robert Rapp.
[3] Dr. Maureen Ahn reviewed Claimant's records and stated that Ms. Haines could lift 50 pounds, sit and stand for six hours in an 8-hour workday and her ability to push pull with her hands and feet was unlimited.(Tr. 387).

4

76 F.3d 585, 590 (4th Cir. 1996). When the ALJ determines that a treating physician's opinion is not entitled to controlling weight, the ALJ must determine what weight, if any, to give that opinion and must give "specific reasons" in his opinion for that decision. SSR 96-2p (1996 WL 374188, *5). Further, the ALJ must consider various factors in determining what weight should be given including: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence;(4) consistency between the opinion and the record as a whole;(5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the Secretary's attention which tend to support or contradicttheopinion.20 C.F.R. §404.1527(d)(2)(i),(d)(2)(ii)(3)-(6); *See also* SSR 96-5p; SSR 96-2p. After review of the record and the ALJ's decision, it is apparent that the ALJ failed to discuss his evaluation of the standards outlined above.

I am not able to say that the ALJ's rejection of Dr. Loveria's opinions was proper since the ALJ did not discuss whether any of the 6 factors listed above were considered. For example, when he completed the RFC questionnaire in August 2007, Dr. Loveria's office had been treating Claimant for a period of at least six years.

Absent an appropriate discussion in the ALJ's decision, this Court has no way of determining whether the ALJ's findings regarding Claimant's RFC and ability to perform light work are supported by substantial evidence. Consequently, the hypotheticals presented to the VE with the limitations he described, are not supported by substantial evidence. (Tr. 337-340). *See* SSR 96-8p (1996 WL 374184 *7 (S.S.A)). Accordingly, I am unable to say that the ALJ's analysis with respect to Ms. Haines' impairments is supported by substantial evidence and the case will be remanded. For the above reasons, the Commissioner's decision is reversed and the case is remanded for further proceedings in accordance with the foregoing Memorandum. A separate Order shall issue.

Dated: 10/29/10          ____/s/_____
                                                 Paul W. Grimm
                                                 United States Magistrate Judge